IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

SOCIAL LANGUAGE
PROCESSING, INC., a corporation
of the State of Florida doing
business as SLP-ID,

               Plaintiff,      Civil Action No.
                                     5:13-CV-0401 (DNH/DEP)
  v.

MYLE OTT, *et al.*,

               Defendants.

---

APPEARANCES:                     OF COUNSEL:

FOR PLAINTIFF:

SOCIAL LANGUAGE
PROCESSING, INC.[1]
c/o Jordan Gerber
The Law Office of Jordan Gerber, P.A.
6501 Congress Avenue, Suite 100
Boca Raton, FL 33487

FOR DEFENDANTS:

WARD, GREENBERG          JEFFREY J. HARRADINE, ESQ.
HELLER & REIDY LLP         THOMAS S. D'ANTONIO, ESQ.
1800 Bausch & Lomb Place
Rochester, NY 14604

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

---

[1] The address currently listed for plaintiff appears to correspond to a law office. The attorney listed, however, is not admitted to practice in this court, nor has she formally appeared in this action for plaintiff.

## REPORT AND RECOMMENDATION

Plaintiff Social Language Processing, Inc. ("SLP"), doing business as SLP-ID, commenced this action on April 10, 2013, against defendants Myle Ott, Jeffrey T. Hancock, and Claire Cardie alleging breach of the defendants' fiduciary duty. SLP's former attorneys have since been granted leave to withdraw as its counsel, leaving the corporation unrepresented. Based on the fact that plaintiff is a corporation and is not represented by counsel, as required, I recommend that its claims against defendants be dismissed.

I. BACKGROUND

Plaintiff commenced this action on November 20, 2012, in the United States District Court for the Southern District of Florida. Dkt. No. 1. In an amended complaint subsequently filed with that court, plaintiff alleges that defendants misappropriated SLP's trade secrets and confidential information, resulting in injury and loss to plaintiff. *See generally* Dkt. No. 31. In response to plaintiff's amended complaint, defendants moved to dismiss plaintiff's claims, or, alternatively, to transfer the action to this district. Dkt. No. 36. In an order issued by District Judge James I. Cohn on April 9, 2013, defendants' motion was granted, in part, and the case was transferred to this district for further proceedings. Dkt. No. 44.

On April 23, 2013, following the transfer of the action, defendants

filed a motion to dismiss plaintiff's amended complaint for failure to state a claim. Dkt. No. 50. Defendants' motion to dismiss was subsequently denied by District Judge David N. Hurd on June 14, 2013, and an answer to plaintiff's amended complaint, which asserted a counterclaim, was thereafter filed. Dkt. Nos. 57, 58. Plaintiff subsequently filed a motion to dismiss defendants' counterclaim, which similarly was denied. Dkt. Nos. 59, 66.

On November 1, 2013, plaintiff filed a motion for leave to file a second amended complaint. Dkt. No. 68. After hearing oral argument from counsel, I granted plaintiff's motion and ordered that the second amended complaint that was filed on December 3, 2013 be deemed as the operative pleading. Dkt. Nos. 76, 77. In response to that second amended complaint, defendants Jeffrey Hancock, Myle Ott, and Claire Cardie answered, while the newly named defendant Cornell University ("Cornell") filed a motion to dismiss for failure to state a claim upon which relief may be granted. Dkt. Nos. 79, 80. By order dated March 28, 2014, Judge Hurd granted defendant Cornell's motion and dismissed all claims against that defendant. Dkt. No. 85.

On October 31, 2014, defendants Jeffrey Hancock, Myle Ott, and Claire Cardie filed a motion for summary judgment requesting dismissal of plaintiff's remaining claims. Dkt. No. 89. That motion remains pending

3

before Judge Hurd.

On December 2, 2015, the Messina Law Firm (Gil D. Messina, Esq. and Timothy A.C. May, Esq., of counsel) filed a motion to withdraw as SLP's counsel of record in this case pursuant to Northern District of New York Local Rule 83.2(b). Dkt. No. 102. As detailed in a declaration of Attorney Messina, dated December 2, 2015, which has been filed with the court under seal, following the death of Lou Gerber, the founder, president, and chief executive officer of SLP, there has been an irreversible deterioration of the relationship between the corporation and the Messina Law Firm, and other irreconcilable differences have arisen between counsel and Mr. Gerber's wife, Elyse Gerber, and his daughter, Jordan Gerber. Dkt. No. 105-1. According to plaintiff's former attorneys, neither Elyse Gerber nor Jordan Gerber have provided them with the identity of the representative of Mr. Gerber's estate despite several requests for that information. *Id.*. Defendants did not oppose counsel's motion, and no response to the motion was received from or on behalf of plaintiff. Dkt. No. 103.

A text order was issued on December 11, 2015, granting the Messina Law leave to withdraw as plaintiff's counsel of record. Dkt. No. 106. That order also advised plaintiff that, as a corporation, SLP cannot appear in this action *pro se*, and directed plaintiff to notify the court, by

4

February 9, 2016, of the identity of the attorney who will be representing SLP, and to arrange for new counsel to promptly file a notice of appearance with the court, with proof of service upon defendants' attorneys. *Id.* That order further provided that in the event that this requirement was not met, I would recommend that SLP's complaint be dismissed. *Id.* at 3. Attorney Messina subsequently served a copy of that order upon Jordan Gerber and Elyse Gerber, as directed by the court, and filed a certificate of service reflecting that service had been accomplished. Dkt. No. 107.

## II.     DISCUSSION

It is well-established that, with few exceptions – none of which apply in this instance – a corporation may not represent itself *pro se* in an action filed in a federal district court, but instead must be represented by counsel. *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (collecting cases); *see also Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997).  As one court has observed,

> [w]hile a corporation is a legal entity, it is also an
> artificial one, existing only in the contemplation of
> the law; it can do no act, except through its agents.
> Since a corporation can appear only through its
> agents, they must be acceptable to the court;
> attorneys at law, who have been admitted to
> practice, are officers of the court and subject to its
> control.

*Brandstein v. White Lamps*, 20 F. Supp. 369, 370 (S.D.N.Y. 1937); *Jones*, 722 F.2d at 22; *see also Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006) ("[W]e long have required corporations to appear through a special agent, the licensed attorney." (quotation marks omitted)). Since plaintiff SLP is a corporation and is currently not represented by counsel, I recommend that its claims against defendants be dismissed. *Brandstein*, 20 F. Supp. at 371; *Washco v. Events Int'l., Inc.*, No. 88-CV-0957, 1989 WL 3819, at *1 (N.D.N.Y. Jan. 17, 1989) (Munson, J.).

This case remains stagnant. Plaintiff's failure to notify the court of the identity of its new attorney or have the new attorney file a notice of appearance on its behalf reflects that, at least for the present moment, plaintiff no longer intends to prosecute the claims set forth in its complaint. Plaintiff's apparent disinterest in pursuing its claims also triggers Rule 41(b) of the Federal Rules of Civil Procedure, which provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court. Fed. R. Civ. P. 41(b); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.). That discretion is appropriately exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Williams v. Faulkner*, No.

95-CV-0741, 1998 WL 278288, at *2 (N.D.N.Y. May 20, 1998) (Pooler, J., *adopting report and recommendation by* Scanlon, M.J.); *Moshier v. Trabout*, No. 96-CV-1666, 1998 WL 167298, at *1 (N.D.N.Y. Apr. 2, 1998) (Pooler, J. *adopting report and recommendation by* Hurd, M.J.).

A determination of whether to dismiss an action for failure to prosecute is informed by five specific factors, including (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193 (2d Cir. 1999).

I have carefully evaluated the five relevant factors in the context of this case and find that they weigh in favor of dismissal. Despite the issuance of an order that plainly placed plaintiff SLP on notice that it had until February 9, 2016, to comply with the court's order or risk a likely recommendation that its complaint be dismissed, plaintiff has failed to provide an explanation for that failure to comply with the court's directive. These factors, in combination with the court's interest in managing its docket and consideration of less drastic sanctions, convince me that

7

dismissal of plaintiff's complaint in this matter is justified. *See e.g., Herring v. City of Syracuse*, No. 09-CV-1168, 2010 WL 3981960, at *2 (N.D.N.Y. Oct. 8, 2010) (Suddaby, J.) (dismissing the plaintiff's complaint pursuant to Rule 41(b) based on his failure to timely effectuate service of process).

III.   SUMMARY AND RECOMMENDATION

The court's records fail to reveal that any steps have been taken by plaintiff SLP to obtain counsel in this matter to replace its initial attorneys of record that were granted leave to withdraw from the case. Accordingly, based upon the corporate plaintiff's failure to comply with a directive from the court and the well-established rule that a corporation may not appear in an action filed in a federal district court *pro se*, but instead must be represented by counsel, it is hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:   March 1, 2016
         Syracuse, New York

_David E. Peebles_
David E. Peebles
U.S. Magistrate Judge